# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3609 | **DATE** | July 5, 2011 |
| **CASE TITLE** | Archie Brown (N-21714) vs. C. Salazar, et al. | | |

**DOCKET ENTRY TEXT**

The Defendants' motion to dismiss [39] is denied, and they are directed to answer the amended complaint [6] within 21 days of the date of this order. Plaintiff's second amended complaint [15] is stricken. A status hearing is set for 8/10/2011 at 9:45 a.m. The Defendants shall make arrangements to have Plaintiff participate by phone.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Archie Brown (N-21714), currently incarcerated at Western Illinois Correctional Center, filed this 42 U.S.C. § 1983 suit against Chicago Police Officers C. Salazar and C.K. Davy and Detectives L.J. Herhold and B. Casey. Currently before the Court is the Defendants' motion to dismiss [39] Plaintiff's amended complaint [6]. Plaintiff submitted another amended complaint around the time this case was being transferred to this Court [see 15, 17]. However, neither the Court nor the Defendants addressed that complaint, which appears to be incomplete as it does not name all of the Defendants discussed in Plaintiff's factual allegations. The Court thus strikes that complaint [15], and considers the amended complaint that was addressed by both the Court and the Defendants [6] to be the controlling complaint for this case at this time. For the reasons stated below, Defendants motion to dismiss that complaint [39] is respectfully denied.

Plaintiff's amended complaint alleges the following: He was arrested on April 8, 2010. (Amended Compl. [6], at 4). Officers Salazar and Davy, his arresting officers, began questioning him at a police station. (*Id.*). Plaintiff told the officers that he had not had his "Psych-Medication" and was hearing voices telling him to kill himself. (*Id.*). He asked that he have an attorney present and for the interrogation to stop. (*Id.*). Plaintiff states that he was then transferred to another station, placed in an interrogation room, and repeatedly questioned by Detectives Herhold and Casey. (*Id.* at 4-5). Plaintiff allegedly told the detectives the same information he told Salazar and Davy. (*Id.* at 5). Plaintiff states that Casey and Herhold questioned him for hours and that, at one point when he and Casey were alone, Casey stated that he did not believe that Plaintiff was hearing voices or that he was suicidal. (*Id.*). Sometime later, the detectives gave Plaintiff a can of soda to drink, took a break from the interrogation, and left Plaintiff alone in the room. (*Id.* at 5-6). According to Plaintiff, he continued hearing voices; he finished drinking the soda; and he tore open the can and cut his wrist with the can. (*Id.* at 6). Plaintiff continued cutting his wrist until Casey entered the room and stopped him. (*Id.*). Plaintiff's wrist was photographed and he was taken to Roseland Community Hospital for treatment of his wrist. (*Id.*).

Without addressing the risk of suicide alleged in the complaint, the Defendants focus on the physical injury to Plaintiff's wrist. "Plaintiff's Amended Complaint does not describe the extent of the cut to his wrist or the type of treatment he received at the hospital." (Motion to Dismiss [39], at 2). Defendants argue that Plaintiff's allegations neither indicate that the injury to his wrist was serious nor that the care he received for his wrist was constitutionally inadequate. (*Id.* at 4). Plaintiff responds that mental health concerns can qualify as serious medical need and that his assertions sufficiently allege a claim of deliberate indifference to a serious psychological need.. (See Plaintiff's Resp. at 3-5). Plaintiff is correct.

## STATEMENT

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). The notice pleading requirement of Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff's factual allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A court need not presume facts not alleged. Nor must it accept allegations that are "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). Also, if a plaintiff pleads facts that demonstrate that he has no claim, he may plead himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

The Fourth Amendment's objective reasonableness standard applies to claims involving the medical needs of a person under arrest who has not yet had a judicial determination of probable cause. *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 503 (7th Cir. 2010); *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007). Four criteria are examined to determine whether officers responded reasonably to a detainee's medical needs: (1) the officers' notice of the detainee's need for medical attention; (2) the seriousness of the need; (3) the nature or scope of the required treatment; and (4) any countervailing police interests, *e.g.*, the need to prevent the destruction of evidence, or other similar law-enforcement interest. *Sallenger*, 630 F.3d at 503; *Williams*, 509 F.3d at 403.

A claim of deliberate indifference to a serious medical need includes deliberate indifference to serious psychological needs and suicide risks. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Collins v. Seeman,* 462 F.3d 757, 760-61 (7th Cir. 2006). Although cases addressing the risk of suicide and suicide attempts generally involve pretrial detainees, as opposed to arrestees, the standard is essentially the same – *i.e.*, whether jail officers had actual knowledge of a risk of suicide and whether they acted with deliberate disregard to that risk. *Minix*, 597 F.3d at 831; *Collins,* 462 F.3d at 760-61.

Plaintiff's allegations that he informed Defendants that he had been prescribed psychiatric medication, that he had not taken it recently, that he was hearing voices telling him to kill himself, and that the Defendants disregarded Plaintiff's statements sufficiently state a claim of a Fourth Amendment violation. See *Sallenger*, 630 F.3d at 503; *Minix*, 597 at 831; *Collins*, 462 F.3d at 761. Defendants must answer Plaintiff's claim that they ignored his complaints that he was hearing voices and was at risk for a suicide or suicide attempt.

Defendants read Plaintiff's amended complaint as also alleging a claim that he was denied a right to an attorney during his interrogation. (39, at 4-5). Plaintiff states in his amended complaint that his requests for an attorney during interrogation were refused, but it does not appear that such assertions are meant to state an additional claim. ([6] at 4). Plaintiff confirms in his response to the motion to dismiss that he did not intend to raise a claim in this suit that he was denied the presence of an attorney while being interrogated. ([42] at 5).

Accordingly, the Defendants' motion to dismiss is denied, and they must answer the complaint or otherwise plead within 21 days of the date of this order. The Court notes that Plaintiff has a similar case before a different judge of this Court alleging deliberate indifference to his need for his psychiatric medication at the Cook County Jail following his suicide attempt. See *Brown v. Doe*, No. 10 C 3610 (Lindberg, J.). The parties should discuss whether the cases may be consolidated for purposes of discovery and, if applicable, for a settlement conference.